LOBRANO, Judge.
The narrow issue in this custody case is whether the trial court was in error in awarding the physical custody of the minor to her mother pursuant to a joint custody plan.
Morris H. Hartt, Jr. and Gina T. Jones began living together in 1975. On October 21, 1980 the child, Kristin, was born. Although Hartt acknowledged he was Kristin’s father, he and Jones never married. Their relationship terminated in 1984. Hartt informally agreed to Jones having custody of Kristin, although he had frequent visitation privileges, including overnight visits.
The problem giving rise to this litigation occurred in February, 1985 when Jones refused to allow Kristin to stay with Hartt for overnight visits. Hartt then filed a rule seeking permanent custody, and Jones reconvened seeking child support and custody. Pending the trial, provisional custody was awarded to Jones.
The parties agreed to joint custody, but litigated the issue of physical custody. After considering all of the evidence, the trial judge, in a well reasoned opinion awarded the physical custody to Jones.[1] Hartt perfects this appeal.
*630 In child custody matters, the appellate standard of review requires that great weight be given to the trial court’s determination, and his discretion will not be disturbed in the absence of a clear showing of abuse. Bergeron v. Bergeron, 492 So.2d 1193 (La.1986), citing Estes v. Estes, 261 La. 20, 258 So.2d 857 (1972). It is now well settled that the Joint Custody Law of 1982[2] reaffirmed the prior existing jurisprudential rule that “[t]he best interest of the child is the sole criterion to be met in awarding or modifying custody....” Ber-geron v. Bergeron, supra at 1201. In making an award of physical custody pursuant to a joint custody decree, the trial court shall consider, among other things, those factors enumerated in Article 146(C)(2). Paragraph (C)(2) lists 12 factors to guide the trial judge in his determination. However, it is clear that the child’s best interest is the dominant factor.[3]
Hartt argues that the trial judge failed to utilize the 146(C)(2) guidelines, or was in error in his conclusions based on the evidence presented. We disagree. We have reviewed the record and agree with the trial court’s findings and adopt them as our own. We quote from his opinion:
“The Court finds the evidence to be rather evenly balanced for and against each party. Ms. Jones, in her testimony, described herself as ‘lazy’. She has always had someone to help her with Kristin. When she was living with Mr. Hartt he frequently paid for baby sitters or arranged for someone to stay with the child. Ms. Jones periodically left the common domicile leaving Mr. Hartt with the child. Ms. Jones asserts that these episodes were brought on by physical abuse inflicted upon her by Mr. Hartt in the form of beatings.
[[Image here]]
The Court feels that it is fair to say that Ms. Jones is somewhat immature. In addition to having entered upon parenthood without the benefit of a stable relationship, she truly unrealistically believes she can provide for herself and Kristin by taking a “get rich quick” real estate investment course offered by a slick (and sharp) television promoter. She is in her late twenties and has an eleventh grade education, but she has never had a checking account and has very little appreciation of the costs of things or the value of money. The evidence is disputed, but the Court finds that Ms. Jones is only a social drinker of alcoholic beverages. The most troubling fact in this case regarding Ms. Jones, from the Court's point of view, is that she has admitted to drug abuse in the past. Although she says that she has given up marijuana and other illegal drug use, on questioning by the Court she admitted that she had taken illegal drugs within about six months of the court hearing.
In the Court’s opinion, the highlight of Ms. Jones’ case is the emotional support and assistance available to her and Kristin from her grandmother, Lillian Mis-tich. Mrs. Mistich sees Kristin at least three weekends a month when she (Mrs. Mistich) has the child as her house guest. She sees to it that the child goes to Church and is available to help Ms. Jones in an almost ‘as needed’ basis.
[[Image here]]
Mr. Hartt is a high school graduate, yet despite his more than thirty years of age the Court finds him to be somewhat immature, too. The foremost example of this is the fact that he assumed the responsibility of parenthood without the commitment to a stable relationship. The evidence does preponderate that on one occasion he removed Kristin from the bed in which she was sleeping in order to sleep with a seventeen year old female. As with Ms. Jones the most troubling aspect of Mr. Hartt’s case is his drug use. Mitzie Monday testified that she saw Mr. Hartt smoke marijuana and ‘do drugs’ on occasion. Mr. Hartt *631 himself admitted to having used marijuana within about one month of trial.
Unlike Ms. Jones, it is not possible to find that Mr. Hartt can realistically rely on assistance from his ascendants to help him raise the child. While his mother testified that she would assist him, she also testified that her husband is severely disabled. As a result of her husband’s disability she had not seen the child for quite a long period of time. In fact, she testified that caring for her disabled husband alone is a full time job.
[[Image here]]
As stated earlier, both of these parents are about equally qualified/disqualified with respect to entitlement to physical custody. In this Court’s mind the one fact that tips the scale in favor of Ms. Jones is the close relationship with her grandmother, Mrs. Mistich. Mrs. Mistich is a deep reservoir of love and gentle caring for the child and maintains a close, stable relationship with her. Therefore physical custody will be awarded to Ms. Jones.”
For the above and foregoing reasons the judgment of the lower court is affirmed.
AFFIRMED.

. Child support was also awarded, but that issue is not argued in brief and thus is not considered by this Court.

. 1982 Acts, No. 307

. Article 146 is applicable to the instant case where custody of an illegitimate child is sought by the parents who have formally acknowledged the child. La.C.C.Art. 245.